# EXHIBIT A

46504

# DOCKET

**CAUSE NO.**

**COURT NO.**

JUDICIAL
DISTRICT COURT

| STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | MONTH | DAY | YEAR |

SARAH FLETCHER, VS. ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

ANDREW TAYLOR

DALY & BLACK PC
2211 NORFOLK ST SUITE 800
HOUSTON TX 77098

713-655-1405

Consumer/Commerci
al/(Debt)
Contract

PAID BY

JURY FEE:

OGRAPHER USED?

NO

ATED OF ORDERS

DAY    YEAR

ORDERS OF COURT

CAUSE NO. 17-DCV-244604

FLETCHER, VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY



Filed
8/29/2017 8:19 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas

Brandy Worthington

CAUSE NO. **17-DCV-244604**

| | | |
|---|---|---|
| SARAH FLETCHER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | Fort Bend County - 268th Judicial District Court |
| | § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sarah Fletcher ("Ms. Fletcher"), Plaintiff herein, files this Original Petition against

Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of her

causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.  Sarah Fletcher is a Texas resident who resides in Port Bend County, Texas.

2.  Allstate is an insurance company doing business in the State of Texas which may

be served through its registered agent for service of process in the State of Texas, CT Corporation

System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

### II.
### DISCOVERY

1.  This case is intended to be governed by Discovery Level 1, Texas Rule of Civil

Procedure 190.2.

1

## III.
## CLAIM FOR RELIEF

2.      The damages sought are within the jurisdictional limits of this court.  Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## IV.
## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

4.      Venue is proper in Fort Bend County because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Fort Bend County.

## V.
## FACTUAL BACKGROUND

5.      Ms. Fletcher is a named insured under a property insurance policy issued by Allstate.

6.      On or about August 2, 2017 a storm hit the Meadows Place, Texas area, damaging Ms. Fletcher's house and other property. Ms. Fletcher subsequently filed a claim on her insurance policy.

7.      Defendant improperly denied and/or underpaid the claim.

8.      The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

9.      This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

10. Moreover, Allstate performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

11. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

12. Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

13. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

14. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C. Bad Faith/Deceptive Trade Practices Act ("DTPA")**

15. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

16. Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the policy.

17. Defendant violated Section 541.060 by:

(1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

18. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

19. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

20. Defendant has violated the Texas DTPA in the following respects:

4

(1)     Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

21.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

22.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an

attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

26. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sarah Fletcher prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Fletcher be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Fletcher may show herself to be justly entitled.

6

Respectfully submitted,

**DALY & BLACK, P.C.**

By:___ /s/ *Andrew Taylor*___
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    Andrew Taylor
    TBA No. 24070723
    ataylor@dalyblack.com
    Charlie C. Gustin
    TBA No. 24078605
    cgustin@dalyblack.com
    David Bergen
    TBA No. 24097371
    dbergen@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

    **ATTORNEYS FOR PLAINTIFF
    SARAH FLETCHER**



## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through her attorneys of record, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

DALY & BLACK, P.C.

By: /s/ Andrew Taylor
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
Andrew Taylor
TBA No. 24070723
ataylor@dalyblack.com
Charlie C. Gustin
TBA No. 24078605
cgustin@dalyblack.com
David Bergen
TBA No. 24097371
dbergen@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**SARAH FLETCHER**

1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.



/s/ Andrew Taylor
Andrew Taylor

2

## INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C. If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1. Identify the document's title and general subject matter;
    2. State its date;
    3. Identify all persons who participated in its preparation;
    4. Identify the persons for whom it was prepared or to whom it was sent;
    5. State the nature of the privilege claimed; and
    6. State in detail each and every fact upon which you base your claim for privilege.

D. If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1. You know the response made was incorrect or incomplete when made; or
    2. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A. **"Defendant," "You," "Your(s),"** refers to Allstate Vehicle and Property Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C. **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D. **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E. **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H. **"Lawsuit"** refers to the above styled and captioned case.

I. **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

4

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.   The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.   The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.   The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.   **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.   **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.   **Documents**: Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.   **Communication**: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.   **Activity**: Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.



6

## INTERROGATORIES TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim.

**ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

**ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

7

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any
way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this
lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and
identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this lawsuit to which Defendant applied
depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT ALLSTATE

**REQUEST FOR PRODUCTION NO. 1**

Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**

Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**

Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**

Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

10

**REQUEST FOR PRODUCTION NO. 13**

Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

11

**REQUEST FOR PRODUCTION NO. 19**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of the August 2, 2017 storm.

**RESPONSE:**

12

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years.  This request includes all bulletins received by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or windstorm claims, published, used and/or distributed by Defendant in Fort Bend County within the last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail and/or windstorm claim.

**RESPONSE:**

13

**REQUEST FOR PRODUCTION NO. 31**
Any document setting forth Defendant's criteria and methodology used in determining the
applicability of overhead and profit in the preparation of estimates for hail and/or windstorm
claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All service agreements in effect at the time of Plaintiff's claim between Defendant and any
person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Any document setting forth how Defendant compensated the adjuster and other individuals who
handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Any document related to performance-based pay or incentive-based pay programs that
Defendant offers to adjusters, claim representatives, supervisors and managers involved in the
handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Any document related to standards by which Defendant evaluates the performance of adjusters,
claim representatives, supervisors and managers involved in the handling of hail/and or
windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the
basis of this Lawsuit, including any changes to the reserve(s) along with any supporting
documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**

Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**

Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of January 1, 2016 through August 31, 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**

Any document setting forth Defendant's criteria and methodology used to determine when it appropriate to invoke appraisal on a hail/windstorm claim in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**

Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**

Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**

Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

**RESPONSE:**

15

**REQUEST FOR PRODUCTION NO. 43**

Produce all communications between any Allstate representative and any adjuster handling a claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**

Please produce all documents related to Allstate's Claims Core Process Review, including any such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**

Please produce all Performance Development Summaries and any other related personnel file pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**

Please produce all documents related to how adjusters and other related claims handlers are promoted within Allstate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**

Please produce all records related to any data stored or generated by Colossus pertaining to this storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**

Please produce all records and documents about the identification, observation or description of collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**

To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**



17

## REQUEST FOR ADMISSIONS TO DEFENDANT ALLSTATE

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**

20

Filed
8/29/2017 8:19 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Brandy Worthington

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __17-DCV-244604__   COURT *(FOR CLERK USE ONLY)*: _____

COURT: Fort Bend County - 268th Judicial District Court

STYLED   SARAH FLETCHER VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: _Andrew Taylor_  Email: _ecfs@dalyblack.com_ | Plaintiff(s)/Petitioner(s):  SARAH FLETCHER | ☒ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: _2211 Norfolk St., Ste 800_  Telephone: _(713) 655-1405_ | | Additional Parties in Child Support Case: |
| City/State/Zip: _Houston, Texas 77098_  Fax: _(713) 655-1587_ | Defendant(s)/Respondent(s):  ALLSTATE VEHICLE AND  PROPERTY INSURANCE  COMPANY | Custodial Parent:  Non-Custodial Parent:  Presumed Father: |
| Signature: _/s/ Andrew Taylor_  State Bar No: _24070723_ | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Other Family Law** | **Post-judgment Actions (non Title IV-D)** |
| *Debt/Contract* ☒ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: ___ | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability. | ☐ Eminent Domain/ Condemnation ☐ Partition ☒ Quiet Title ☐ Trespass to Try Title ☒ Other Property: ___ | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforce Foreign Judgment ☒ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: ___ | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: ___ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List. Product: ___  ☐ Other Injury or Damage: ___ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: ___ | | | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☒ Other Parent-Child: ___ |
| **Employment** | **Other Civil** | | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: ___ | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: ___ | | | |
| **Tax** | | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: ___ | | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Filed
8/29/2017 8:19 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Brandy Worthington

# ANNIE REBECCA ELLIOTT
## Fort Bend County District Clerk
### 301 Jackson, Richmond, TX 77469

## REQUEST FOR PROCESS
All sections **must** be completed for processing this request.

**Section 1:**
Cause No. **17-DCV-244604**                    Date **08/29/2017**

Style:  Fort Bend County - 268th Judicial District Court

**SARAH FLETCHER**

VS

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**Section 2:**
## Check Process Type:

■ Citation    ☐ Precept to Serve / Notice of Hearing    ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment    ☐ Citation by Posting

☐ Writ of _____    ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

* (All publications are sent to: **India Herald Inc.** 10701 Corporate Drive, Suite 282• Sugar Land, Texas 77487)

* **(Unless another newspaper is specified** – FBC Constable will only serve within their jurisdiction.)

## APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM

**Section 3:**
## Title of Document/Pleading to be attached for service: _____

Plaintiff's Original Petition

## Note: You must furnish *one copy* of the document/pleading for *each* party served.

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: Allstate Vehicle and Property Insurance Company through its registered agent, CT Corporation System

   Address: 1999 Bryan Street, Suite 900

   City: Dallas _____ State: Texas _____ Zip: 75201-3140

2. Name: _____

   Address: _____

   City: _____ State: _____ Zip: _____

3. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

4. Name:_____

Address: _____

City:_____ State:_____ Zip:_____

5. Name:_____

Address:_____

City:_____ State:_____ Zip:_____

**Section 5**

**Check Service Type:**

- ☐ No Service
- ☐ Sheriff
- ☐ Constable Pct._____
- ☐ Out of State
- ☒ Certified Mail

- ☐ Secretary of State
- ☐ Commissioner of Insurance
- ☐ Out of County
- ☐ Private Process
- ☐ Registered Mail  (Out of Country)

**Section 6 (ONLY if Section 7 does not apply)**

**Attorney Name:** Andrew Taylor, DALY & BLACK

Address: 2211 Norfolk Street, Suite 800
<span style="font-size:smaller">Street/P.O. Box</span>

Houston                          Texas                          77098
<span style="font-size:smaller">City                                State                                Zip</span>

Attorney's Telephone No. (713) 655-1405      Attorney's Bar No. 24070723

**Section 7 (ONLY if Section 6 does not apply)**

**Pro-Se Name:**_____

Address:_____
<span style="font-size:smaller">Street/P.O. Box</span>

_____          _____          _____
<span style="font-size:smaller">City                                                  State                                        Zip</span>

Telephone No. _____

**Section 8**

**Check Delivery Type:**

- ☐ Hold for pick up   ☐ Mail to Attorney   ☐ Mail to Pro-Se Party

Request Process Form
Revised: 2013/12                          2 of 2

SERVICE FEE COLLECTED
BY DISTRICT CLERK   THE STATE OF TEXAS

**CITATION**

**TO:**   **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**C/O CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201-3140**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **AUGUST 29, 2017**, a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **17-DCV-244604**  and is styled:

**SARAH FLETCHER, VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW TAYLOR**
**DALY & BLACK PC**
**2211 NORFOLK ST SUITE 800**
**HOUSTON TX  77098**
**713-655-1405**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 6th day of September, 2017.**

**ANNIE REBECCA ELLIOTT, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469
Mailing Address:
301 Jackson Street
Richmond, Texas 77469

By:_____
Deputy District Clerk AUTUMN DOLNIK
Telephone: (281) 633-7634

17-DCV-244604
ISSU
Issuance
4951325



**ORIGINAL**

17-DCV-244604
Sarah Fletcher, vs. Allstate Vehicle and Property Insurance Company

268th Judicial District Court

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **29th day of August, 2017** at **8:19 PM** o'clock and executed at **C/O CT CORPORATION SYSTEM 1999 BRYAN STREET SUITE 900 DALLAS TX 75201-3140,** on the **September 06, 2017,** by delivering to the within named **ALLSTATE VEHICLE AND PROPERTY INSURANE COMPANY** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2089 8994 95

# FILED

SEP 06 2017

AT 4:35 PM

Clerk District Court, Fort Bend Co., TX

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _____
Deputy District Clerk **Autumn Dolnik**

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
               (First, Middle, Last)

_____, and my address is _____
                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____.

on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## ORIGINAL

Citation (By Certified Mail) issued to Allstate Vehicle and Property Insurane Company on 9/6/2017.



4952203
issuance
issu
17-DCV-240604

MARK OR DATE

Total Postage & Fees
Restricted Delivery
Return Receipt Fee
Certified Fee
Postage

RETURN RECEIPT SERVICE

PS Form 3800, January 2005

REFERENCE#7-DCV-240604

SENDER: PC CITATION 268TH AD

TO: ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
1999 BRYAN RD SUITE 900
DALLAS, TX 75201-3140

9414 7256 9904 2069 8994 75

# WALZ

**WALZ Form No:35663**

**Version: E 09/16**

To reorder forms, *contact us* at:

sales@walzgroup.com

(800) 882-3811

www.walzgroup.com

**WALZ SOLUTIONS:**

○ **WALZ CERTIFIED MAILERS** : Patented forms and software to automate your in-house process

○ **WALZ OUTSOURCING SERVICES** : Comprehensive Outsourcing Solutions for compliant type mailings, utilizing Certified Mail® and First-Class Mail® services

○ **TRACKRIGHT** : Tracks USPS® Delivery events, images and updated status

○ **STORERIGHT** : Return Receipt and Unclaimed Mail storage and records management system



TEXAS
STAL SERVICE®

1 SEP '17

ME, ADDRESS AND ZIP CODE BELOW ●

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

17 – DCV – 244604
ISSU
Issuance
4960990

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX  77469-3108



2. Article Number

9414 7266 9904 2089 8994 95

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
SEP 11 2012

C. Signature
X    Chris Wells

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type  **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:
ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
1999 BRYAN RD SUITE 900
DALLAS, TX 75201-3140

**Reference Information**

17-DCV-244604

C CITATIONE 268TH AD

CLERK DISTRICT COURT
FORT BEND CO TX

PS Form 3811, January 2005    Domestic Return Receipt

Filed
9/20/2017 12:25 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

**NO.   17-DCV-244604**

| | |
|---|---|
| SARAH FLETCHER | IN THE DISTRICT COURT OF |
| VS. | FORT BEND CO., TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | 268TH JUDICIAL DISTRICT COURT |

**DEFENDANT'S ORIGINAL ANSWER**
**AND**
**REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

**III.**

1

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.  For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.  Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of her claim, as required by the policy.

### VII.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution

and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ¹ 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant, and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

3

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiff disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Vehicle and Property Insurance Company, prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ John M. Causey
John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

ATTORNEYS FOR DEFENDANT

Please be advised that the *only* valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on September 20, 2017 correctly addressed to:

Mr. Andrew Taylor
ataylor@dalyblack.com
Daly & Black, P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098
Phone: 713.655.1405
Fax: 713.655.1587
**Attorneys for Plaintiff, Sarah Fletcher**
*Via electronic service*

/s/ *John M. Causey*
John M. Causey

5